IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALLSTATE INSURANCE COMPANY                                                          PLAINTIFF

v.                                    Case No. 4:14-cv-00076-KGB

COLUMBUS DAVID BELL; DEBBIE LYNN BELL;
CHRISTOPHER BRENT BELL; HOWARD WEST;
SUSAN WEST; JOHN WEST and SARAH WEST                                         DEFENDANTS

ORDER

Plaintiff Allstate Insurance Company ("Allstate") brings this action for a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq*. Before the Court is the motion to dismiss filed by separate defendants Howard West, Susan West, John West, and Sarah West (Dkt. No. 3). Allstate has responded (Dkt. No. 5). Separate defendants Columbus David Bell, Debbie Lynn Bell, and Christopher Brent Bell have not responded or otherwise appeared in this case. For the reasons that follow, the Wests' motion to dismiss is granted. Allstate's complaint is dismissed without prejudice.

I.   **Background**

According to Allstate's complaint, on August 5, 2013, Christopher Bell shot and injured John West and Howard West. Christopher Bell is Columbus Bell and Debbie Bell's adult son. The Bells and Wests are, or were, neighbors. It appears from Allstate's complaint that, at the time of the shooting, Christopher Bell was on the Bells' property and John West and Howard West were in front of the Wests' residence. Allstate states that Susan West and Sarah West were inside the Wests' residence at the time of the incident and sustained no physical injuries but reportedly underwent counseling after the incident. Christopher Bell was subsequently charged with two counts of battery in the first degree. After the Wests filed their motion to dismiss,

Allstate filed a motion for summary judgment and submitted a police report regarding these events and the criminal information filed against Christopher Bell in the Circuit Court of Pope County Arkansas (Dkt. No. 13; Dkt. Nos. 12-2, 12-3).  The Wests present a similar version of events in their motion to dismiss and incorporated brief in support.

Allstate contends in its complaint that the insurance policy it issued to Columbus Bell and Debbie Bell affords no liability coverage for the benefit of any of the Bells with respect to any claims that the Wests may assert against the Bells.  Specifically, Allstate asserts that Susan West and Sarah West did not sustain "bodily injury" as defined in the policy; that none of the injuries or damages resulted from "an occurrence" as defined in the policy; and coverage is excluded under a purportedly applicable exclusionary clause for bodily injury or property damage resulting from intentional or criminal acts or omissions (Dkt. No. 1, ¶ 11-14).  Allstate alleges, upon information and belief, that defendants contend that the policy does afford liability coverage for the benefit of Columbus Bell, Debbie Bell, and Christopher Bell with respect to claims that may be made against the Bells by the Wests.

Allstate seeks judgment declaring that the policy issued to Columbus Bell and Debbie Bell affords no liability coverage for the benefit of the Bells with respect to any claim that the Wests may assert against the Bells and that Allstate has no obligation to defend the Bells in any suit that the Wests may file against the Bells.  The Wests move to dismiss for lack of subject matter jurisdiction on ripeness grounds.

**II.    Legal Analysis**

The Wests argue that this matter is not ripe and therefore should be dismissed.  They claim there is no justiciable dispute because the Wests have not yet made any formal demand or filed any claim against Allstate or the Bells.

The ripeness doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 n.18 (1993); *see Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000). Article III limits the federal courts to deciding "Cases" and "Controversies," U.S. Const. art. III, § 2, and thereby prohibits the district court from issuing advisory opinions, *Pub. Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005). "There must be a concrete dispute between parties having adverse legal interests, and the declaratory judgment plaintiff must seek 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). "As for policy considerations, courts avoid resolving disputes based on hypothetical facts because to do so would be a poor use of scarce judicial resources." *Pub. Water*, 401 F.3d at 932.

The ripeness doctrine applies to declaratory actions. Consistent with Article III, the Declaratory Judgment Act is limited to cases "of actual controversy," 28 U.S.C. § 2201(a). *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) ("The phrase "case of actual controversy" in § 2201 "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."). A declaratory judgment action can be sustained if no injury has yet occurred. *Pub. Water*, 401 F.3d at 932 (citing *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("The essential distinction between a declaratory judgment action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action.")). "Before a claim is ripe for adjudication,

however, the plaintiff must face an injury that is 'certainly impending.'" *Id.* (quoting *Pennsylvania v. West Virginia,* 262 U.S. 553, 593(1923)). "Whether the factual basis of a declaratory judgment action is hypothetical—or more aptly, too hypothetical—for purposes of the ripeness doctrine (and concomitantly Article III) is a question of degree." *Pub. Water*, 401 F.3d at 932 (citing *See Neb. Pub. Power*, 234 F.3d at 1037-38).

The Wests argue that this case is premature because they have not made a formal demand or filed a claim against Allstate or the Bells. Referring to themselves as "[t]he injured parties," the Wests state that they "are not ready to proceed with any insurance claim nor judicial proceeding to recover for their injuries at this time" because they have not yet determined the extent of their damages or determined what legal theories or causes of action they will assert "in the event [they] do eventually commence suit" (Dkt. No. 3, at 4). They refer to their "as-yet undetermined potential future claims," again stating that they "are not ready to proceed with their legal case against the responsible parties at this time" (*Id.* at 5). The Wests do not actually contend that filing suit is a remote possibility, just that their claims are not yet developed to the point that the Wests are ready to proceed.

Allstate argues that the controversy here is whether and to what extent, if any, Allstate is obligated to the Bells under the homeowners' policy with regard to the potential claims of the Wests against the Bells, including whether there is liability coverage or the duty to defend. Allstate has sent letters to the Bells warning that there may not be coverage in this case and reserving all rights and defenses under the policy, including the right to disclaim any obligation under the policy and the right to assert a defense of no coverage (Dkt. Nos. 5-1, 5-2). Allstate has pleaded upon information and belief that all defendants contend that the policy does afford

4

liability coverage, and the Wests do not argue otherwise. The Bells have not appeared in this action.

Allstate contends that there is no coverage because Susan West and Sarah West did not suffer bodily injury and, more importantly, because the intentional, criminal act of Christopher Bell is not an accident that constitutes an occurrence under the policy and because the policy contains an exclusionary clause for injury caused by criminal acts. In their motion to dismiss and incorporated brief in support, the Wests present roughly the same version of facts on these issues as Allstate states in its complaint, confirming that Christopher Bell was charged with two counts of battery and criminal mischief and that Susan West and Sarah West suffered emotional distress rather than physical injury (Dkt. No. 3, at 2-3). The only undetermined facts the Wests identify are that they have not determined the exact extent of their damage or what legal theories they will assert in the event they do commence suit.

The declaratory judgment remedy "is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued." 10B Charles Alan Wright, et al., *Fed. Prac. & Proc. Civ.* § 2751 (3d ed. 2014). "Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite 'future contingencies that will determine whether a controversy ever actually becomes real.'" *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) (quoting 10A Wright, et al., *supra*, § 2757 (2d ed. 1983)). *See also Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (stating that where insurers "deny that coverage exists under their policy for liabilities of their insureds that are contingent or unadjudicated, . . . it is

most common for the insurer to bring an action for a declaratory judgment that it will have no duty to indemnify.").

The Court finds that this action does not present an actual controversy for purposes of Article III and ripeness. Here, based on the representations of the parties before the Court, no demand has been made on Allstate by the Bells, who are the insureds, or the Wests, who may claim to be injured parties. For the Court, this case turns on that fact. The Court determines that, because no demand has been made on, this dispute is too hypothetical for purposes of the ripeness doctrine. The Court's review of the case law confirms that, when demand is made, a case is ripe for adjudication. Allstate need not wait for suit to be filed, disputed issues of fact to be settled, or judgment to be entered before filing a declaratory judgment action. *See, e.g.*, *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance*, 620 F.3d 926, 934 (8th Cir. 2010) (examining when a dispute is ripe for adjudication in the context of insurance coverage issues); *Clarendon Nat'l Ins. Co. v. United Fire & Cas. Co.*, 571 F.3d 749, 752 (8th Cir. 2009) (same); *Aetna Cas. & Surety Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) (same); *Miles*, 978 F.2d at 438 (same). But the Court is aware of no controlling authority that holds that, even before a demand is made, the insurance company may file a declaratory judgment action, and the parties cite none.

### III. Conclusion

For the foregoing reasons, the Court grants the Wests' motion to dismiss and dismisses without prejudice Allstate's complaint (Dkt. No. 3).

SO ORDERED this the 30th day of September, 2014.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge

6